1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| BARBARA ANN GROOM,<br><br>        Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. EDCV 15-500 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |
| --- | --- |

18

**I.    SUMMARY**

19
20
21
22

On March 16, 2015, Barbara Ann Groom ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

23
24
25
26
27
28

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; March 18, 2015 Case Management Order ¶ 5.

///
///

1

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is REVERSED AND REMANDED for further proceedings

3    consistent with this Memorandum Opinion and Order of Remand.

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5            **DECISION**

6            On November 8, 2010, plaintiff filed applications for Supplemental Security

7    Income and Disability Insurance Benefits. (Administrative Record ("AR") 152,

8    159, 676). Plaintiff asserted that she became disabled on December 23, 2004,[1] due

9    to migraine headaches, arthritis, and heart problems (AR 217). A prior

10   Administrative Law Judge ("Prior ALJ") examined the medical record and heard

11   testimony from plaintiff (who was represented by counsel) and a vocational expert

12   on April 10, 2012 ("Pre-Remand Hearing"). (AR 29-70).

13           On May 25, 2012, the Prior ALJ determined that plaintiff was not disabled

14   through the date of the decision ("Pre-Remand Decision"). (AR 9-23). The

15   Appeals Council denied plaintiff's application for review of the Pre-Remand

16   Decision. (AR 1).

17           On January 25, 2013, this Court entered judgment reversing and remanding

18   the case for further proceedings because at step five the Prior ALJ had erroneously

19   found plaintiff not disabled based on testimony from a vocational expert which,

20   without explanation, deviated from the Dictionary of Occupational Titles

21   ("DOT"), and the Court was unable to find the error harmless. (AR 830-47). The

22   Appeals Council in turn remanded the case to a new Administrative Law Judge

23   ("ALJ") for a new hearing. (AR 848-50). On remand, the ALJ held a hearing on

24   September 9, 2014 ("Post-Remand Hearing") during which the ALJ heard

25   testimony from plaintiff and a vocational expert. (AR 693-736).

26   ///

27   _____

28           [1]Plaintiff later amended the alleged onset date to July 14, 2008. (AR 676, 697).

2

1    On November 26, 2014, the ALJ determined that plaintiff again was not

2 disabled through the date of the decision ("Post-Remand Decision").[2] (AR 676-

3 86). Specifically, the ALJ found: (1) plaintiff suffered from the following severe

4 impairments: disc disease of the cervical spine (status post cervical spine surgery

5 on March 24, 2007), low back strain, osteoarthritis of the hands and joints, right

6 plantar fasciitis, migraines, bipolar disorder, and history of polysubstance

7 dependence (AR 679); (2) plaintiff's impairments, considered singly or in

8 combination, did not meet or medically equal a listed impairment (AR 679-80);

9 (3) plaintiff retained the residual functional capacity to perform light work (20

10 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[3] (AR 680-81);

11 (4) plaintiff could not perform any past relevant work (AR 684-85); (5) there are

12 jobs that exist in significant numbers in the national economy that plaintiff could

13 perform, specifically housekeeper (AR 685-86); and (6) plaintiff's allegations

14 regarding the intensity, persistence, and limiting effects of her subjective

15 symptoms were not entirely credible (AR 682).

16 **III.   APPLICABLE LEGAL STANDARDS**

17    **A.    Sequential Evaluation Process**

18    To qualify for disability benefits, a claimant must show that the claimant is

19 unable "to engage in any substantial gainful activity by reason of any medically

20

21    [2]The ALJ stated that the summary of the medical evidence of record and claimant's
allegations regarding her subjective symptoms and limitations from the Pre-Remand Decision

22 were incorporated by reference into the Post-Remand Decision. (AR 681, 682).

23    [3]The ALJ determined that plaintiff: (i) could lift and carry 20 pounds occasionally and 10
pounds frequently; (ii) could stand and walk for six hours in an eight-hour workday; (iii) could

24 sit for six hours in an eight-hour workday; (iv) could frequently use hand controls with the right
upper extremity; (v) could perform "postural activities occasionally"; (vi) could engage in

25 frequent overhead reaching bilaterally; (vii) could perform frequent handling with the right upper
extremity; (viii) could perform frequent fingering bilaterally; (ix) needed to avoid concentrated

26 exposure to extreme cold and vibration; (x) was limited to work involving simple one and two-
step job instructions; and (xi) could sustain concentration, attention, persistence, and pace for at

27 least two-hour blocks of time. (AR 680-81).

28

3

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

///

4

1   Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
2   Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at
3   1110 (same).

4        The claimant has the burden of proof at steps one through four, and the
5   Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262
6   F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch
7   v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of
8   proving disability).

9        **B.     Standard of Review**

10       Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
11  benefits only if it is not supported by substantial evidence or if it is based on legal
12  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
13  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
14  (9th Cir. 1995)).  Courts review only the reasons provided in the ALJ's decision,
15  and the decision may not be affirmed on a ground upon which the ALJ did not
16  rely.  See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v.
17  Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

18       Substantial evidence is "such relevant evidence as a reasonable mind might
19  accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389,
20  401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but
21  less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan,
22  911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence
23  supports a finding, a court must "'consider the record as a whole, weighing both
24  evidence that supports and evidence that detracts from the [Commissioner's]
25  conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)
26  (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  A denial of benefits
27  must be upheld if the evidence could reasonably support either affirming or
28  reversing the ALJ's decision.  Robbins, 466 F.3d at 882 (a court may not

5

1  substitute its judgment for that of the ALJ) (citing <u>Flaten</u>, 44 F.3d at 1457); <u>see</u>

2  <u>also</u> <u>Molina</u>, 674 F.3d at 1111 ("Even when the evidence is susceptible to more

3  than one rational interpretation, we must uphold the ALJ's findings if they are

4  supported by inferences reasonably drawn from the record.") (citation omitted).

5        Even when an ALJ's decision contains error, it must still be affirmed if the

6  error was harmless.  <u>Treichler v. Commissioner of Social Security Administration</u>,

7  775 F.3d 1090, 1099 (9th Cir. 2014).  An ALJ's error is harmless if (1) it was

8  inconsequential to the ultimate nondisability determination; or (2) the ALJ's path

9  may reasonably be discerned, even if the ALJ explains the ALJ's decision with

10 less than ideal clarity.  <u>Id.</u> (citation, quotation marks, and internal quotations

11 marks omitted).

12       A reviewing court may not make independent findings based on the

13 evidence before the ALJ to conclude that the ALJ's error was harmless.

14 <u>Brown-Hunter v. Colvin</u>, __ F.3d __, 2015 WL 6684997, *4 (9th Cir. Nov. 3,

15 2015) (citations omitted).  Where a reviewing court cannot confidently conclude

16 that an error was harmless, a remand for additional investigation or explanation is

17 generally appropriate.  <u>See</u> <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1173 (9th Cir. 2015)

18 (remanding for additional explanation where ALJ ignored treating doctor's

19 opinion and court not could not confidently conclude ALJ's error was harmless);

20 <u>Treichler</u>, 775 F.3d at 1099-1102 (where agency errs in reaching decision to deny

21 benefits and error is not harmless, remand for additional investigation or

22 explanation ordinarily appropriate).

23 **IV.   DISCUSSION**

24       Plaintiff essentially contends that the ALJ erred at step five because he

25 failed to resolve an apparent inconsistency between the vocational expert's

26 testimony and the DOT.  (Plaintiff's Motion at 8-10).  The Court agrees that a

27 remand is warranted.

28 ///

## A.    Pertinent Law

At step five, the Commissioner has the burden to show that other work exists in significant numbers in the national economy that the claimant can do, taking into account the claimant's residual functional capacity, age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520(a)(4)(v) & (g), 404.1560(c); 20 C.F.R. §§ 416.920(a)(4)(v) & (g), 416.960(c); see Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (describing "legal framework for Step Five") (citations omitted). The Commissioner may satisfy this burden, depending on the circumstances, either by (1) referring to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"); or (2) calling a vocational expert ("vocational expert" or "VE") to testify about specific representative occupations that a claimant could perform in light of the claimant's residual functional capacity, as well as the availability of such jobs in the national economy. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1100-01).

The DOT is the Social Security Administration's "primary source of reliable [] information regarding jobs that exist in the national economy." Zavalin, 778 F.3d at 846 (citing Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990); 20 C.F.R. §§ 416.969, 416.966(d)(1)) (internal quotation marks omitted). Although "not comprehensive," the DOT describes the general requirements for various occupations and raises a rebuttable presumption as to a particular job's classification. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (citations omitted).

When a vocational expert is called to testify at a claimant's hearing, the ALJ has an "affirmative responsibility" to identify and resolve any possible conflicts between the vocational expert's opinions and the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling ("SSR") 00-4p). To that end, an ALJ must (1) ask the vocational expert whether there is a conflict

7

between the expert's opinions and the DOT requirements for a particular occupation; (2) "obtain a reasonable explanation for any apparent conflict"; and (3) explain in the decision how the ALJ resolved any such conflict.  Id.  While a vocational expert's opinions "generally should be consistent" with the DOT, neither the DOT nor a vocational expert's testimony "automatically 'trumps'" in the case of a conflict.  Id. at 1153 (quoting SSR 00-4p) (internal quotation marks omitted).  Thus, when there is an apparent inconsistency between a vocational expert's testimony and the DOT, an ALJ may not rely on the vocational expert's opinions at step five unless the ALJ has adequately resolved the inconsistency.  Rounds v. Commissioner Social Security Administration, 795 F.3d 1177, 1183 (9th Cir. 2015) (citations omitted); see also Zavalin, 778 F.3d at 846 ("ALJ's failure to resolve an apparent inconsistency may leave . . . a gap in the record that precludes [court] from determining whether the ALJ's decision is supported by substantial evidence") (citing Massachi, 486 F.3d at 1154).

An ALJ's failure properly to address an apparent inconsistency between a vocational expert and the DOT may be considered harmless error, but only if (1) there, in fact, was no conflict; or (2) the vocational expert's testimony, or the record as a whole, contains "persuasive evidence" that adequately justifies any conflicts.  Massachi, 486 F.3d at 1154 n.19; Johnson, 60 F.3d at 1435; see, e.g., Buckner-Larkin v. Astrue, 450 Fed. Appx. 626, 628-29 (9th Cir. 2011) (conflict between DOT and VE testimony adequately addressed where VE reasonably explained that deviation "was based on his own labor market surveys, experience, and research" and ALJ's decision addressed explanation).

## B.    Analysis

Here, the ALJ erred at step five because he found plaintiff not disabled based on testimony from the vocational expert which, without explanation, deviated from the DOT.  A remand is warranted since the ALJ's error – although apparently inadvertent – was not harmless.

1    First, as plaintiff points out, there appears to be an inconsistency between

2  the vocational expert's testimony and the DOT.  The ALJ's hypothetical question

3  posed at the administrative hearing described an individual who, among other

4  things, could only engage in "postural activities occasionally."  (AR 718).  The

5  vocational expert testified that, despite such limitation, plaintiff (or a hypothetical

6  person with all of plaintiff's other characteristics) could perform the occupation of

7  housekeeping (which, according to the DOT, requires only occasional stooping,

8  kneeling, and crouching).  (AR 720-22); DOT § 323.687-014 ("Cleaner,

9  Housekeeping").  On cross-examination, however, the vocational expert opined, in

10 pertinent part, that based on his "education and experience," and contrary to the

11 DOT's description of the housekeeping occupation, an individual who, like

12 plaintiff, was "incapable of more than occasional stooping and bending" would

13 "<u>not</u> be able to do the job of housekeeping" ("revised opinion").  (AR 728, 735)

14 (emphasis added); (<u>see also</u> AR 727 [ALJ and vocational expert noting that,

15 although DOT does not use the specific term "bending," the term "stoop" as used

16 in the DOT is essentially the "[s]ame thing"]).  At the end of the hearing the

17 vocational appears to emphasize, in part, that his revised opinion was "[*not*]

18 consistent with the DOT."  (AR 735).

19    Second, although plaintiff's attorney inquired at the hearing whether the

20 VE's revised opinion "change[d] anything" (AR 686), the ALJ did not respond to

21 plaintiff's inquiry much less obtain an explanation from the vocational expert for

22 the apparent conflict between the revised opinion and the DOT (AR 729-35).  <u>Cf.</u>

23 SSR 00-4P at *4 ("The [ALJ] must explain the resolution of the conflict

24 irrespective of how the conflict was identified.").  Moreover, the ALJ's decision

25 does not explain how the ALJ resolved the above conflict – indeed, the decision

26 affirmatively states only that the vocational expert testified that a hypothetical

27 individual with the same characteristics as plaintiff "*would* be able to perform the

28 requirements of [the] representative occupation[] . . . of housekeeper," and that

9

1   "the vocational expert's testimony *is* consistent with the information contained in

2   the [DOT]."  (AR 686) (emphasis added).  Accordingly, the vocational expert's

3   testimony, which the ALJ adopted (AR 686), could not serve as substantial

4   evidence supporting the ALJ's determination at step five that plaintiff could

5   perform the occupation of housekeeper.  See Zavalin, 778 F.3d at 846 (citations

6   omitted); SSR 00-4P at *4 ("When vocational evidence provided by a VE . . . is

7   not consistent with information in the DOT, the adjudicator must resolve this

8   conflict before relying on the VE . . . evidence to support a determination or

9   decision that the individual is or is not disabled.").

10          Finally, the Court cannot find the ALJ's error harmless.  As noted above,

11   the ALJ based his non-disability determination at step five on vocational expert

12   testimony that was, at best, equivocal as to whether an individual with plaintiff's

13   limitations could do the only representative occupation the vocational expert

14   identified.  (AR 686).  Even if it could be argued that the vocational expert's

15   testimony "[did] not necessarily conflict" with the ALJ's decision, as defendant

16   contends (Defendant's Motion at 6), since the record also reasonably supports

17   plaintiff's contrary argument, a remand is warranted because, on the current

18   record, the Court is unable to determine whether substantial evidence supports the

19   ALJ's determination at step-five that plaintiff "[was] capable of making a

20   successful adjustment to other work that exists in significant numbers in the

21   national economy."  (AR 686); see Zavalin, 778 F.3d 842, 848 (ALJ's failure to

22   reconcile apparent conflict between the vocational expert's testimony and DOT

23   not harmless where court "cannot determine [from the record] whether substantial

24   evidence supports the ALJ's step-five finding that [claimant] could perform [the

25   representative] work") (citing Massachi, 486 F.3d at 1154).  Even if the ALJ could

26   have rejected the vocational expert's revised opinion in favor of other vocational

27   evidence, as defendant also suggests (Defendant's Motion at 7), since the ALJ's

28   decision did not state as much, the Court may not affirm the ALJ's non-disability

10

1  determination on such grounds.  See Zavalin, 778 F.3d at 848 (reviewing court

2  "cannot affirm the decision of an agency on a ground that the agency did not

3  invoke in making its decision") (citation omitted); see also Marsh, 792 F.3d at

4  1172 (district court may not use harmless error analysis to affirm decision on

5  ground not invoked by ALJ) (citation omitted).

6        Accordingly, a remand is warranted to permit the ALJ to identify and

7  resolve any conflicts in the occupational evidence.  Cf. Zavalin, 778 F.3d at 846

8  ("ALJ's failure to resolve an apparent inconsistency may leave . . . a gap in the

9  record that precludes [court] from determining whether the ALJ's decision is

10 supported by substantial evidence") (citing Massachi, 486 F.3d at 1154).

11 **V.    CONCLUSION**[4]

12       For the foregoing reasons, the decision of the Commissioner of Social

13 Security is reversed in part, and this matter is remanded for further administrative

14 action consistent with this Opinion.[5]

15       LET JUDGMENT BE ENTERED ACCORDINGLY.

16 DATED:  November 24, 2015

17                                    _____/s/_____

18                                    Honorable Jacqueline Chooljian
                                       UNITED STATES MAGISTRATE JUDGE
19

20

21

22 _____

23       [4]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's
   decision, except insofar as to determine that a reversal and remand for immediate payment of
24 benefits would not be appropriate.

25       [5]When a court reverses an administrative determination, "the proper course, except in rare
   circumstances, is to remand to the agency for additional investigation or explanation."
26 Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and
   quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy
27 defects in the original administrative proceeding. . . ."  Garrison v. Colvin, 759 F.3d 995, 1019
   (9th Cir. 2014) (citation and internal quotation marks omitted).
28